**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMEN A. SEXTON,<br><br>    Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Civil Action No. 22-6901 (GC) (DEA)<br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiff Carmen Sexton's ("Plaintiff") Motion to Remand (ECF No. 9) this case to the Superior Court of New Jersey, Mercer County. Defendants Mercer County Prosecutor's Office, Angelo J. Onofri, and Doris M. Galuchie ("MCPO Defendant's") opposed (ECF No. 15-1), and Plaintiff replied (ECF No. 18).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Motion to Remand (ECF No. 9) is **DENIED.**

---

[1]  Prior to filing this case, Plaintiff had already filed a substantially similar case in this Court on December 8, 2021. *See Sexton v. New Jersey Department of Corrections, et al.*, Civ No. 21-20404 (GC) (DEA), ECF No. 1 ("*Sexton I*"). *Sexton I* appears to contain the same allegations as in this case – Plaintiff was discriminated against based on her sex following the NJDOC's disciplinary investigation into her from October 5, 2016 to October 28, 2016. (*See generally id.*) In Defendants' opposition, Defendants cross-moved for consolidation with *Sexton I*. Pursuant to the Court's March 27, 2023 Text Order (ECF No. 45), the cross-motion to consolidate was terminated in this case, and the motion to consolidate in *Sexton I* currently serves as the operative motion to consolidate pursuant to Local Civil Rule 42.1.

I.  **BACKGROUND**

   A. **Factual Allegations**

Plaintiff has been employed by the New Jersey Department of Corrections (NJDOC) since December 23, 1995. (ECF No. 1-1 ¶ 1.) Plaintiff alleges that from October 5, 2016, through October 28, 2016, the NJDOC performed a disciplinary investigation, which Plaintiff alleges was discriminatory because it "specifically targeted me for disciplinary sanctions without cause to humiliate, embarrass, and harm me." (*Id.* ¶ 5 (cleaned up).) Plaintiff alleges that she was segregated from the workforce due to her sex and was treated differently than three male colleagues involved in the investigation as Plaintiff's male colleagues were allowed to work their regular assignments during the investigation. (*Id.* ¶¶ 2, 5.) Moreover, Plaintiff alleges that during the investigation she was deprived of access to meals in the employee dining room, denied overtime, and denied attendance at a mandatory CPR training course due to her sex. (*Id.* at 9-10.) On November 3, 2016, Plaintiff alleges that the NJDOC demoted her from Correction Officer Sergeant to Correction Officer and suspended her for 120 days effective June 22, 2017, through November 22, 2017. (*Id.* at 11.) Plaintiff further alleges that she was retaliated against for reporting this purported unlawful discrimination. (*See, e.g.*, *id.* at 11 ¶ 8, 12 ¶ 11.)

   B. **Procedural History**

Plaintiff filed this lawsuit on October 22, 2022, in the Superior Court of New Jersey, Mercer County. (ECF No. 1-1.) Defendants Sean Abrams, Davin Borg, Richard DeFazio, Steven Johnson, Victoria Kuhn, Leila Lawrence, Marie Mills Rogers, Michael Ptasenski, and Tamara Rudow Steinberg ("NJDOC Defendants") timely removed the case to this Court on November 30, 2022. (ECF No. 1); 28 U.S.C. § 1446(b)(2)(B) (stating "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of

removal."). As of November 30, 2022, the date of removal, all known served Defendants had consented to removal pursuant to 28 U.S.C. § 1446(b)(2)(A). (ECF No. 1-2); 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

Plaintiff alleges various violations of her civil rights under United States and New Jersey law, including but not limited to, the Fourteenth Amendment of the United States Constitution; 42 U.S.C. § 1983; Title VII of Civil Rights Act of 1991, 42 U.S.C. §§ 1981, 2000e *et seq.* (Title VII); N.J. Stat. Ann § 10:5-12; and N.J. Stat Ann § 11A:7-1, 2-24. (ECF No. 1-1 at 8-15.) Defendants assert that removal is proper under 28 U.S.C. § 1441(a) because the Court has federal question subject-matter jurisdiction due to Plaintiff's federal claims contained in the Complaint. (ECF No. 1 at 2.)

## II.     LEGAL STANDARDS AND DISCUSSION

A defendant may remove a case from state to federal court where "the district courts of the United States have original jurisdiction." *Entrekin v. Fisher Sci. Inc.*, 146 F. Supp. 2d 594, 603 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)). Following the removal of a case, the plaintiff may move to remand the case to state court. *See Atl. NeuroSurgical Specialists v. Anthem, Inc.*, Civ. No. 21-20052, 2022 WL 3273952, at *1 (D.N.J. Aug. 11, 2022). When an action is removed to federal court, the removing party maintains the burden of showing the Court that it has subject-matter jurisdiction. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "The Court must also strictly construe the removal statutes against removal and resolve any doubts in favor of remand." *Entrekin v. Fisher Sci. Inc.*, 146 F. Supp. 2d 594, 604 (D.N.J. 2001). The Court must evaluate whether remand was proper at the time of removal and not after. *Lawless v. New Jersey Dep't of Corr.*, Civ No. 12-14670, 2022 WL 1830778, at *2 (D.N.J. June 3, 2022).

Under the "well-pleaded complaint" rule, the Court has federal question jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff argues that removal was improper because she only asserts state law claims in the Complaint and, therefore, the Court lacks subject-matter jurisdiction. (ECF No. 9 at 7.) The text of Plaintiff's Complaint, however, states otherwise. Here, Plaintiff's Complaint contains numerous allegations that Defendants violated her rights under the Fourteenth Amendment, 42 U.S.C. § 1983, and Title VII. (*See, e.g.*, ECF No 1-1 at 8, 13.) At the time Defendants removed the case, the Court maintained federal question jurisdiction under 28 U.S.C. § 1331 as several of Plaintiff's claims originate under the United States Constitution or federal laws. *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) ("A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States.'") (citations omitted).

The Court also gained supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law claims following Defendants' removal. 28 U.S.C. § 1367(a) states in part that in "any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiff's state law claims arise from the same case or controversy as her federal claims – Defendants allegedly discriminated against her based on her sex – so the Court has supplemental jurisdiction over Plaintiff's state law claims. For these reasons, Plaintiff's Motion to Remand (ECF No. 9) is **DENIED**.

### III. ORDER

For the reasons stated above, and for other good cause shown,

**IT IS** on this 17th day of August, 2023, **ORDERED** as follows:

1. Plaintiff's Motion to Remand (ECF No. 9) is **DENIED**.

2. The Clerk of Court shall **TERMINATE** ECF No. 9.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

5