NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMEN A. SEXTON,<br><br>Plaintiff,<br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Civil Action No. 22-6901 (GC) (DEA)<br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Leave to File an Amended Complaint. (*See* ECF No. 67[1].) On August 17, 2023, the Court denied Plaintiff's Motion to Remand the case to state court. (ECF No. 57.) Soon after, Plaintiff moved to amend her Complaint in order to eliminate her federal causes of action. (ECF Nos. 60, 67.) Defendants do not oppose.[2] (*See* ECF No. 77.) For the reasons set forth below, and other good cause shown, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**, and this case is hereby **REMANDED** to state court.

**I. DISCUSSION**

Under Federal Rule of Civil Procedure ("Rule") 15(a)(2), a party may amend its pleading

---

[1]  Plaintiff previously filed a Motion for Leave to File an Amended Complaint at ECF No. 60, but Plaintiff's subsequent motion at ECF No. 67 renders ECF No. 60 moot.

[2]  The Court held a status conference with the parties on September 26, 2023, and the Court gave Defendants State of New Jersey, New Jersey Department of Corrections, Sean Abrams, David Borg, Richard DeFazio, Steven Johnson, Victoria Kuhn, Leila Lawrence, Marie Mills Rogers, Michael Ptasenski, and Tamara Rudow Steinberg (collectively the "NJDOC Defendants") seven (7) days to notify the Court whether they object to Plaintiff voluntarily dismissing her federal claims. (ECF No. 75.)

with the "opposing party's written consent" or with the court's leave, and "[t]he court should freely give leave when justice so requires." "[C]ourts should liberally permit amendments, and the discretion to do so rests with the trial court." *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 106 F. Supp. 2d 737, 744 (D.N.J. 2000) (citing *Heyl & Patterson v. F.D. Rich Housing of Virgin Islands*, 663 F.2d 419, 425 (3d Cir.1981)). This comports with the United States Court of Appeals for the Third Circuit's preference that cases be decided on their merits and not on "technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (noting that leave to amend should be granted freely in order to "ensure that a particular claim will be decided on the merits rather than on technicalities."). Amendments are typically permitted unless the amendment would result in unfair prejudice or the amendment is futile, made in bad faith, or with dilatory motive. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107-08 (3d Cir. 2002).

NJDOC Defendants do not object to Plaintiff being granted leave to file an amended complaint. As such, pursuant to Rule 15(a)(2), the Court grants Plaintiff's Motion (ECF No. 67), and ECF No. 68 now serves as the operative complaint.

Next, having permitted Plaintiff leave to file an amended complaint to eliminate her federal claims and ECF No. 68 now serving as the operative Complaint, the Court must determine whether it will continue to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

NJDOC Defendants removed this case to this Court on November 30, 2022 based on federal question jurisdiction under 28 U.S.C. § 1331, and the Court maintained supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. (ECF No. 1-1; *see also*

ECF No. 57 at 4[3] (noting that the Court has supplemental jurisdiction over Plaintiff's state law claims under 8 U.S.C. § 1367).)

Section 1367(c) states:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

[28 U.S.C. § 1367(c).]

"[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000); *Rothman v. City of Northfield*, 716 F. Supp. 2d 369, 373 (D.N.J. 2010) (citation omitted). Moreover, "[s]ection 1367(c) grants district courts the discretion to refuse to exercise supplemental jurisdiction." *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 157 (3d Cir. 1998) (quoting *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 167 (1997)). "Where federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state law claims." *Lawless v. New Jersey Dep't of Corr.*, Civ. No. 12-14670, 2022 WL 2702961, at *1 (D.N.J. July 12, 2022) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

---

[3] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Here, the Court finds that following its consideration of factors such as judicial economy, convenience, and fairness to the parties the Court declines to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claims, and thus, the Court remands this case to state court. First, regarding judicial economy, the Court has not ruled on any dispositive motions in this case and discovery has not commenced. Second, this case is in an early stage of litigation, which weighs in favor of the court declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *United Mine Workers*, 383 U.S. at 726; *see also Odetella v. Felician Univ.*, Civ. No. 18-13539 2019 WL 13298225, at *3 (D.N.J. Dec. 16, 2019), *report and recommendation adopted*, Civ. No. 18-13539, 2020 WL 13695419 (D.N.J. Jan. 6, 2020) ("Retaining a state law case that is in its early stages would not serve the interest of judicial economy."). Third, as to convenience and fairness to the parties, while Plaintiff previously filed a similar case in this Court[4], litigating the remainder of this case in state court will neither prejudicially inconvenience nor be unfair[5] to either party, especially given the state court's close proximity to this Court and the deference this Court should give the state court in addressing state law claims. *United Servs., Inc. v. City of Newark*, Civ. No. 20-00044, 2020 WL 1332008, at *1 (D.N.J. Mar. 23, 2020) ("Where state law claims are the core of the case, it is within the Court's discretion to defer the resolution of state claims to state court.") (internal citation and quotations omitted). Therefore, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Thus, the Court remands

---

[4]   *See Sexton v. New Jersey Department of Corrections, et al.*, Civ No. 21-20404 (GC) (DEA).

[5]   Also, regarding fairness, the Court notes that NJDOC Defendants "expressly reserve[d] their right to move for dismissal of Plaintiff's claims once remanded to the state superior court." (ECF No. 77.)

this case to state court.[6]

## II. ORDER

For the reasons stated above, and for other good cause shown,

IT IS on this 16th day of October, 2023, **ORDERED** as follows:

1. Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 67) is **GRANTED.**

2. ECF No. 68 is now the operative Complaint.

3. Pursuant to 28 U.SC. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

4. ECF No. 60 is **DENIED** as moot.

5. This case is **REMANDED** to the Superior Court of New Jersey, Mercer County, Case No. MER-L-1892-22.

6. The Clerk's Office is directed to terminate ECF Nos. 60 and 67.

7. The Clerk of Court shall **CLOSE** this case.

*/s/ Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[6] Since this case was originally filed in state court, "[r]ather than dismiss this case outright, however, the Court has discretion to remand this matter and the remaining state law claims back to the state court for further adjudication." *Monk v. New Jersey*, Civ. No. 14-1399 RBK, 2014 WL 4931309, at *3 (D.N.J. Oct. 2, 2014) (citing *Whittaker v. CCIS N. of Phila.*, Civ. No. 10–1095, 2010 WL 1644492, at *2 (E.D. Pa. Apr.22, 2010) ("Where a case has been removed from state court to federal court on the basis of federal question jurisdiction, the United States Supreme Court has recognized that a district court retains the discretion to remand that matter back to state court when all federal law claims have been dropped or dismissed from the action and only pendant state law claims remain.") (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, (1988)).